**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51760**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed:  January 27, 2025** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| KEVIN CHARLES JACKSON, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Barbara Duggan, District Judge.

Judgment of conviction and unified sentence of four years with one year determinate for preparing false evidence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Kevin Charles Jackson pled guilty to preparing false evidence, Idaho Code § 18-2602.  In exchange for his guilty plea, an additional charge was dismissed as well as a persistent violator sentencing enhancement.  The district court imposed a unified term of four years with one year determinate to be served consecutively to unrelated sentences.  Jackson appeals, contending that his sentence is excessive.

Although Jackson received the sentence he asked for, Jackson asserts that the district court erred by imposing an excessive sentence.  The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error.  *State v.*

1

*Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993).  One may not complain of errors one has consented to or acquiesced in.  *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998).  In short, invited errors are not reversible.  *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).  This doctrine applies to sentencing decisions as well as rulings made during trial.  *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Jackson received the sentence he requested, he may not complain that the district court abused its discretion.  Accordingly, Jackson's judgment of conviction and sentence are affirmed.